IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWAYNE MARVIN GARRETT, | § | |
| **Plaintiff,** | § | |
| vs. | § | **Civil Action No. 3:19-CV-1310-M-BH** |
| | § | |
| UNITED STATES OF | § | |
| AMERICA, et. al, | § | |
| | § | |
| **Defendants.** | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Defendant J. Robert Arnett II's Motion to Dismiss and Order to Show Cause Why Sanctions Should Not Be Imposed*, filed June 6, 2019 (doc. 7).  Based on the relevant filings and applicable law, the motion should be **GRANTED**, the entire case should be dismissed with prejudice as to all defendants, and the plaintiff and his aunt should be **SANCTIONED**.

**I. BACKGROUND**

Dwayne Marvin Garret (Plaintiff) is a *pro se* litigant with an extensive history of filing frivolous litigation in numerous state and federal courts.  (*See* doc. 8-22.)  Beginning in May 1999, he filed approximately fourteen lawsuits in the Northern District of Oklahoma (OKND) related to his civil and criminal cases in the Oklahoma state courts; ten were dismissed in their entirety for failure to state a claim, and the rest were partially dismissed.  (doc. 8-1 at 1-2; doc. 8-22 at 7.)[2]  The OKND categorized Plaintiff as a "hobbyist litigator" and *sua sponte* restricted him from proceeding as a plaintiff in the district unless he was either represented by a licensed attorney admitted to practice in the district or first obtained permission to proceed *pro se*. (doc. 8-1 at 2-4; doc. 8-22 at

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

7-8.)  The filing restrictions were affirmed multiple times by the Tenth Circuit Court of Appeals (Tenth Circuit).  (doc. 8-22 at 8.)

Plaintiff's first attempt to circumvent these restrictions was a *pro se* lawsuit in the Eastern District of Oklahoma (OKED), which was transferred to the OKND based on improper venue.  (doc. 8-6 at 1.)  The OKND's dismissal order noted the "blatant attempt to circumvent" its filing restrictions and warned that any further attempts to circumvent the restrictions by filing in another district where venue was improper would be met with additional sanctions. (doc. 8-6 at 1, 3-4.)  Plaintiff next attempted to join a *pro se* lawsuit filed by Delmer B. Garrett (Father) in the OKND.  (doc. 8-8 at 1.)  The motion to add him was denied, and Father was warned that a continued pattern of groundless and vexatious litigation on his part would result in filing restrictions.  (*Id.*)  Despite the transfer of his previous lawsuit, Plaintiff again filed suit in the OKED, and it was dismissed *sua sponte* for failure to state a claim.  (doc. 8-10 at 1-2.)  Based on its inherent powers, the OKED *sua sponte* imposed filing restrictions on Plaintiff, noting that while his filings in the district had not been extremely numerous, they had been brought for purposes of harassment. (*Id.* at 7.)

Joined by Shirley Dionne Garrett[3] (Aunt), Plaintiff filed another *pro se* lawsuit in the OKND, and it was dismissed for failure to state a claim and for failure to comply with the filing restrictions.  (doc. 8-16 at 1, 5.)  Following dismissal, Plaintiff and Aunt began filing *pro se* lawsuits in the Western District of Arkansas (ARWD).  (*See* docs. 8-18; 8-19; 8-20.)  Their suits were dismissed for lack of personal jurisdiction, and filing restrictions were imposed on both Plaintiff and Aunt.  (doc. 8-20 at 6.)

Plaintiff and Aunt next brought suit in the Eastern District of Texas (EDTX) against various

---

[3] Shirley Dionne Garrett is also known as Shirley Dione Webster, Shirley Garrett and Shirley Webster. (doc. 8-16 at 1; doc. 8-20 at 1; *see* doc. 17.)

court clerks, the United States government, and the Governor of Oklahoma, under "18 U.S.C § 1983 and 18 U.S.C. § 1964, as well as Alabama criminal law, namely Ala. Code § 13A-9-12, based upon these court clerks' actions in various of [their] prior cases." (doc. 8-22 at 5.)  Plaintiff filed a second case in the EDTX under 28 U.S.C. § 1446(b), 42 U.S.C. § 1983, 18 U.S.C. § 241, and 28 U.S.C. § 753, seeking $15 million in damages against F&G Industries, Inc. (F&G), Industrias Electromecanicas GH, S.A. (Foreign Corporation), and three individuals.  (*Id.* at 6.)  He filed a third case "against a hodgepodge of governmental entities and government officials" and cited "various miscellaneous statutes" in his complaint.  (*Id.*)[4]  The EDTX issued an omnibus show cause order in all three cases requiring him to "show cause: (1) why the cases should not be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and/or failure to state a claim upon which relief can be granted; and (2) why sanctions should not be imposed."  (*Id.* at 2.)  Plaintiff responded with an "Objection to So-Called Show Cause Order" that failed to address why sanctions should not be imposed, or why his claims should not be dismissed for failure to state a claim.  (*Id.*)  The EDTX dismissed the cases with prejudice and imposed filing restrictions that paralleled those of the OKND.

Plaintiff then filed this case against the United States of America; the Attorney General; the FBI Director; Kaufman County, Texas; the Kaufman County Clerk; a Kaufman County Commissioner; F&G; Foreign Corporation; and four individuals, including the three named in his second EDTX lawsuit (collectively Defendants), for $15 million in damages.  (*See* doc. 3.)  His three-page complaint cites 18 U.S.C. § 1001 and 18 U.S.C. § 1983.  (*Id.* at 2.)  On June 6, 2019, one of the individual defendants moved to dismiss this case in its entirety for failure to allege fraud with

---

[4]Plaintiff was joined by Paul Leroy Wickham and Jennifer Leann McCormick as plaintiffs in his third EDTX case. (doc. 8-22 at 2.)

particularity and failure to state a claim upon which relief can be granted, and for an order to show

cause why sanctions should not be imposed.  (*See* doc. 7.)  Plaintiff responded with an objection

stating that "[t]his was my action why I performed the way I did;" he did not address why his suit

should not be dismissed for failure to state a claim or why sanctions should not be imposed.  (doc.

10.)  Although not originally named as a party in the complaint, Aunt has subsequently filed and/or

signed objections and motions in this case, which include her name in the case caption as a plaintiff.

(*See* docs. 13; 14; 15; 17; 22; 23.)

## II. RULE 12(b)(6)

The moving defendant seeks dismissal of Plaintiff's complaint under Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (doc. 7.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

granted.  Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face

of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*,

197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that

"*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."

*Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the

plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-

pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954

F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them

in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof

of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678

## A.    <u>Fraud Claim</u>

The moving defendant alleges that Plaintiff failed to plead his fraud claim with specificity as required under Federal Rule of Civil Procedure 9(b).  (doc. 7 at 13-14.)

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the

plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd., v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir.2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001)).

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed.R.Civ.P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir.2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir.1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.2003) (internal quotations omitted). A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996)).

Here, Plaintiff generally alleges fraud was committed under 28 U.S.C. § 753 and under 28 U.S.C. § 1446(b). (doc. 3 at 2.) Although he identifies the "who" with respect to his fraud claim, he fails to allege facts to establish the "what," "where," "when,"and "how" as required under Rule 9(b). *See Benchmark Elecs.*, 343 F.3d at 724. Without these elements, his allegations fail to meet the heightened pleading requirements of Rule 9(b). His allegations also cannot plausibly entitle him to relief because fails to plead facts to establish that defendants made a material false representation to him upon which he relied to his detriment. Plaintiff's fraud claim fails and should be dismissed.

**B.**    **Constitutional/Statutory Claims**

Plaintiff also alleges that the defendants violated his rights under Article I and V of the Constitution to commit fraud and extortion under 28 U.S.C. § 753.  (doc. 3 at 2.)  Article I of the U.S. Constitution establishes the legislative branch of the U.S. government, and Article V of the Constitution sets out the process by which amendments may be made to the Constitution.  His complaint asserts provisions of the Constitution which do not provide individual rights, and fails to set forth any factual allegations that would plausibly entitle him to any relief.

Additionally, Plaintiff brings claims based on an alleged violations of  federal criminal statute 18 U.S.C. § 1001 (making false statements to an agency of the United States), and § 1999 (a nonexistent statute).  "[P]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). They cannot enforce criminal statutes in a civil action. *See Florance v. Buchmeyer*, 500 F. Supp. 2d at 626 (N.D. Tex. 2007); *see, e.g., Algoe v. Tex.*, Nos. 3:15-CV-1162-D, 3:15-CV-1204-D, 2016 WL 6902154, at *9 (N.D. Tex. Sept. 29, 2016) (dismissing civil claim brought pursuant to criminal statutes), *adopted by*, 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016).

Because Plaintiff has not sufficiently alleged facts to support a plausible fraud claim or cited any other legal basis supporting a private cause of action, his complaint should be dismissed for failure to state a claim upon which relief can be granted.

### IV. OPPORTUNITY TO AMEND

Notwithstanding a *pro se* party's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See*

*Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff failed to properly respond to the substance of the motion to dismiss after being specifically invited to do so.  Despite being advised that he must first seek leave to amend, he and Aunt have repeatedly attempted to file amended complaints based on a criminal statute against defendants named in his prior litigation in Oklahoma, so it appears that amendment would be futile. No opportunity to amend his complaint to sufficiently state a claim for relief is therefore warranted. Moreover, as discussed below, Plaintiff's litigation tactics warrant the imposition of sanctions in this case, so he should not be permitted to amend his complaint.

## V. SANCTIONS

The moving defendant also seeks sanctions against Plaintiff under the Court's inherent

powers. (doc. 7 at 15.) He contends that Plaintiff's extensive history of frivolous filings is a misuse of the legal system, unfairly imposes litigation costs on opposing parties, and warrants a finding of bad faith and sanctions in the form of filing restrictions. (*Id.*)

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions" *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292-93 (5th Cir. 1997) (citations omitted). Nevertheless, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). "[T]he threshold for the use of inherent power sanctions is high." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir.1995). A court's inherent power is not "a broad reservoir of power, ready at the imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir.1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

Before imposing sanctions against a party under its inherent power, the court must make a specific finding that the party acted in bad faith. *In re Moore*, 739 F.3d 724, 729-30 (5th Cir. 2014) (citing *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (citation omitted)). Bad faith "is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." *Turfgrass Grp., Inc. v. Ne. Louisiana Turf*

9

*Farms, LLC*, No. CIV.A. 10-1354, 2013 WL 6145294, at *3 (W.D. La. Nov. 20, 2013) (quoting *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999)). Bad faith conduct includes conduct that is motivated by improper purposes such as harassment or delay. *See Coghlan v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1988). The court's finding of bad faith "must be supported by clear and convincing proof," which is a "high standard" that requires "more than a preponderance of the evidence." *See Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001) (citing *In re: Medrano*, 956 F.2d 101, 102 (5th Cir. 1992). In other words, the evidence supporting a finding of bad faith "must be so direct and weighty as to leave the fact finder with a firm belief in the truth of the facts of the case." *See id.* "Courts have the authority to make credibility determinations to resolve whether such misconduct has occurred." *United States v. Fisch*, No. CR H-11-722, 2018 WL 2335743, at *4-5 (S.D. Tex. May 23, 2018) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 808-09 (5th Cir. 2003)).

As in his previous federal and state cases, Plaintiff asserts claims based on vague and conclusory allegations, cites to nonexistent or inapplicable law, and attempts to bring a private cause of action under a federal criminal statute against parties that he has previously sued in other districts. He and Aunt have repeatedly attempted to file amended complaints based on a criminal statute against defendants he previously sued in other districts in an apparent attempt to re-litigate his claims against them in this case. This conduct, in light of the multiple warnings and sanctions imposed by other courts in others for the same type of conduct, is sufficient to meet the high burden of clear and convincing proof required to support this Court's finding that this case was brought in bad faith for purposes of harassment. *See Bryant v. Plains Nat'l Bank of Lubbock, Tex.*, No. 5:05-CV-034-J, 2005 WL 1704946, at *3 (N.D. Tex. July 19, 2005)("Repeatedly suing the same parties

10

over and over, asserting the same factual claims and legal causes of action, after and in spite of the entry of multiple adverse final judgments ... is harassment and a gross abuse of the judicial process."); *Taylor v. Boyle*, No. Civ.A. 3:01CV1498-L, 2001 WL 1114137, at *2 (N.D. Tex. Sept. 6, 2001) (finding that "harassing and vexatious conduct" included threats to continue abuse litigation tactics). Accordingly, this Court joins the other courts that have found that the exercise of inherent power is warranted to curb Plaintiff and Aunt's abusive litigation tactics. *See Garrett v. Seymour*, 217 F. App'x 835 (10th Cir. 2007);*Webster v. Shumaker*, No. 6:19-CV-00119-JDK, 2019 WL 3003524 (E.D. Tex. May 3, 2019) (recommending *sua sponte* dismissal, detailing history of frivolous litigation by Plaintiff and Aunt, and imposing sanctions), *rec. adopted by* 2019 WL 2170925 (E.D. Tex. May 16, 2019). It also agrees that appropriate sanctions include a bar on filing any lawsuits in this district without leave of court. *See Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 954 (5th Cir. 2001) (courts may issue an order prohibiting the filing of further lawsuits without obtaining leave of court as a sanction within its inherent power).[5]

## VI. RECOMMENDATION

Defendant's motion should be **GRANTED**, and the plaintiff's complaint should be **DISMISSED with prejudice** in its entirety as to all defendants for failure to state a claim. The plaintiff and his aunt, to the extent she may be considered a party to this action, should be **SANCTIONED** and **BARRED** from filing any case in this district unless: (a) they pay the full filing fee; and (b) are represented by a licensed attorney admitted to practice in this Court, or unless they first obtain permission from a district judge or magistrate judge in this district to proceed *pro se*. To obtain permission to proceed *pro se*, they must take the following steps:

---

[5] A magistrate judge's report and recommendation that describes sanctionable conduct provides sufficient notice to a plaintiff prior to imposition of sanctions. *See Bruing v. Clark*, 560 F.3d 292, 298 (5th Cir. 2009).

1. File a motion with the clerk of this Court requesting leave to file a *pro se* action;

2. Include in the motion the following information:

> a. A list of all lawsuits currently pending or filed previously with this Court, including the name and number of each case, and the current status or disposition of the lawsuit; and

> b. A list of all outstanding injunctions or orders limiting their access to federal court, including orders and injunctions requiring them to seek leave to file matters *pro se* or requiring them to be represented by an attorney, including the name and case number of all such orders or injunctions; and

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues they seek to present, including a short discussion of the legal basis of the claim asserted, and describing with particularity the facts giving rise to said claims. The affidavit also must certify, to the best of their knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the lawsuit is not interposed for any improper purpose, and that they will comply with all local rules of this Court.

**SO RECOMMENDED** on this 26th day of November, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

12

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13